UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
FEB - 5 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Rodney Dale Class, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | **13 0150** |
| Judge Beth A. Buchanan, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. Plaintiff purports to be a "Private Attorney General" representing "The People of the United States of America." Compl. Caption. He sues United States Bankruptcy Judge Beth A. Buchanan of the Southern District of Ohio for "gross judicial misconduct" he allegedly observed when he "set [sic] in the courtroom as a Private Attorney General and as a real party of interest to the case . . . ." Compl. at 3-4. Allegedly, plaintiff witnessed, among other wrongs, "obstruction of justice [and the] denial of an affirmative defense . . . ." *Id.* at 4. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The Court finds jurisdiction wanting. Plaintiff asserts that this case is one "of judicial abuse of power with willful intent to deprive to cause injury and harm and to deprive Mr. & Mrs. Pertuset of Due Process, of lawful property owned and a business for lively hood." Compl. at 5. Plaintiff has not established his legal standing to sue, which "is a defect in subject matter

1

jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), and, as a lay person, he cannot prosecute a claim on behalf of the Pertusets or any other individuals. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (holding that a lay person cannot appear as counsel for others); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953) (*per curiam*) (same). In addition, the complaint consists of mostly conclusory verbiage and is "patently insubstantial, presenting no federal question suitable for decision.' " *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)). The law is clear that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). A separate order of dismissal accompanies this Memorandum Opinion.

Date: January __, 2013

United States District Judge